IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CYNTHIA ABCUG,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA; STATE OF COLORADO; DOUGLAS COUNTY DEPARTMENT OF HUMAN SERVICES/CHILD PROTECTIVE SERVICES; BEVERLY WILSON,<br><br>Respondents. | Cause No. CV 20-28-M-SPW<br><br>ORDER |

On March 11, 2020, Petitioner Abcug moved to proceed in forma pauperis with a pleading titled "Petition for Writ of Habeas Corpus, Mandamus and Prohibition, Injunctive Relief, Declaratory Relief, '1983 Civil Rights Claim' and Other Relief." On March 13, Abcug moved for a temporary restraining order ("TRO"). The allegations in her motion for TRO repeat the allegations of her complaint.

Because a motion for TRO is expedited, and because other judicial officers typically assigned matters in the Missoula Division are not available, the matter is reassigned to the undersigned. *See* 28 U.S.C. § 132(b), (c); Fed. R. Civ. P. 65(b); D. Mont. L.R. 72.2(c) (Dec. 1, 2019).

1

Abcug's motion to proceed in forma pauperis (Doc. 1) adequately demonstrates her inability to pay costs associated with this case. The motion is granted.

Abcug explains that her two children are in the custody of authorities in Douglas County, Colorado, and that the Colorado court "keeps ordering Plaintiff Abcug to come to hearings" and has issued a warrant for her arrest. She asks the Court to "put a stop to the Montana [extradition] hearing . . . scheduled for March 18, 2020," and to impose a stay in the Colorado case. *See* Pet. (Doc. 1) at 2–4. Abcug also alleges the Douglas County authorities are accusing her falsely because she "uncovered stunning corruption." *Id.* at 5.

Federal district courts are courts of limited jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). At this stage of proceedings, the Court takes Abcug's allegations of fact as true, though it need not accept her legal conclusions or anticipation of future events. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Abcug is required to attend a hearing in a Montana state court on March 18, 2020, she is "in custody" for purposes of federal habeas jurisdiction. *See, e.g.*, 28 U.S.C. § 2241(c)(3); *Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973).

28 U.S.C. § 2241(c)(3) authorizes the Court to hear state pretrial detainees' claims that their custody violates "the Constitution or laws or treaties of the United States." *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Snyder v. Sumner*, 960 F.2d 1448, 1452 (9th Cir. 1992). Abcug alleges violations of her rights under the First, Fourth, and Fourteenth Amendments.

But federal courts sitting in habeas may grant the writ only "within their respective jurisdictions." 28 U.S.C. § 2241(a). "The writ of habeas corpus does not act upon the [person] who seeks relief, but upon the person who holds [her] in what is alleged to be unlawful custody." *Braden v. 30th Jud. Dist. Court*, 410 U.S. 484, 494–95 (1973).

This Court's jurisdiction extends within the State of Montana. *See* 28 U.S.C. § 106. It has no jurisdiction over persons or proceedings in the State of Colorado. All allegations and requests for relief against such persons or proceedings, *see, e.g.*, Compl. (Doc. 2) at 2 ¶ 1, 11, are dismissed for lack of jurisdiction.

As to the proceedings in Montana, "a federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings." *Brown v. Ahern*, 676 F.3d 899, 900–01 (9th Cir. 2012); *see also Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). And "the normal

3

thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Abcug's challenges to the prosecutor's affidavit in support of the Colorado charge, *see, e.g.*, Compl. Exs. (Doc. 2-1 at 1–13, Doc. 2-2 at 8–14), are potential defenses to the *Colorado* prosecution. She does not claim *Montana* officials are harassing her or acting in bad faith, and she makes no realistic showing of the prospect of irreparable injury. *See Brown*, 676 F.3d at 903. Whether Abcug invokes habeas jurisdiction or federal-question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, *Younger* applies and requires abstention.

A certificate of appealability must be considered, *see* 28 U.S.C. § 2253(c)(2); *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc), *abrogated on other grounds by Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (per curiam), but is not warranted. Regardless of whether Abcug meets the standard of 28 U.S.C. § 2253(c)(2), reasonable jurists would find no foothold for the exercise of federal jurisdiction.

Accordingly, IT IS ORDERED:

1. Abcug's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The clerk shall waive payment of the filing fee.

2. The motion for a temporary restraining order (Doc. 7) is DENIED.

3. Abcug's petition (Doc. 2) is DISMISSED for lack of jurisdiction as to all

persons and proceedings in Colorado and DISMISSED on principles of abstention as to proceedings in Montana.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Abcug files a Notice of Appeal.

5. The clerk shall enter, by separate document, a judgment of dismissal.

DATED this 13th day of March, 2020.

Susan P. Watters
United States District Court